Turley, J.,
delivered the opinion of the court.
On the 4th day of November, 1833, Henry Wright executed his bill single for the sum of $1000, payable to John C. McLemore and John Ray, on the 1st day of April, 1835. The bill being left in the possession of Ray, was by him transferred by delivery to Terrence Cooney, for whose use this suit is brought. On the trial in the circuit court, Henry Wright filed his affidavit, stating in substance that the consideration, or a large amount thereof, for which the bill single had been executed had failed, and that in consequence thereof, McLemore, one of the payees, had refused to permit bis name to be used in the suit against him, and that Cooney had no right to use his name in connection with Ray’s, to enforce the collection of the debt, and upon this affidavit asked of the court a rule to show cause why the suit should not be dismissed, or a sufficient authority be shown for its prosecution. The rule was granted, and discharged upon the production of the bill by Cooney, which was the only evidence of his right to use the names of McLemore and Ray in the suit for his benefit.
The question then is, ought the rule to have been allowed on the affidavit of the defendant? if it ought, it was error to have discharged it without other proof than the production' of the bill, for this could prove nothing but the fact, that he was in possession, without showing whether he was rightfully so or not. Whether the rule was properly allowed depends on the sufficiency of the affidavit filed for its support.
*236 In the case of Cage vs. Foster, 5 Yer. 261, it was held to be the correct practice, that when one used the name of another in bringing a suit for his use, without authority, the defendant might state the fact on affidavit, and have a rule to show cause why the suit should not be dismissed. If the affidavit filed by the defendant in this cause were sufficient to bring it within the operation of the case of Cage vs. Foster, the court erred in discharging the rule. But we do no¿ think it is. It merely states that one of the obligees had refused to permit his name to be used for the purpose of collecting the the debt, because of a failure of consideration. But the other obligee had transferred the bill by contract to Cooney, and so far as we can see he had no objection to the use of his name.
McLemore might have released his interest in the note, but he could not be heard to say that he would not permit his co-obligee to use his name in conjunction with his own, to enforce the contract, so far as he was interested therein; otherwise in all cases of contract, joint as to the payees, the obstinacy or fraud of one might defeat the remedy of the other. The principle has been, therefore, long settled, that in such cases one joint payee or obligee may use the name of the other in a suit without his consent. 1 Lord Ray. 380: 1 Sander’s Rep. 153: Chitty’s Plead. 9: 9 East. 471: 2 Camp. 190. If then, Ray, would have had the right to use McLemore’s name without his consent, in prosecuting a writ for the recovery of the debt from Wright, a transfer of the debt by him to Cooney, also transferred the right, and McLemore could no more defeat the writ brought for Cooney’s benefit, by disavowing the power to use his name, than he could if Ray had brought the suit himself.
The affidavit then is not sufficiently broad to support the rule asked for, it should have shown that Cooney had no authority to use the name of either McLemore or Ray, and pot having done so, the rule ought not to have been granted.
Judgment affirmed.